UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ningbo Xinghuo Mould Co., Ltd,

          Plaintiff,      Case No. 20-12467

v.                            Judith E. Levy
                            United States District Judge

Westool Corporation,

                            Mag. Judge Elizabeth A.
          Defendant.    Stafford

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [5]**

Before the Court is Defendant Westool Corporation's motion to dismiss Plaintiff Ningbo Xinghuo Mould Co., Ltd.'s complaint. (ECF No. 5.) Defendant's motion to dismiss seeks dismissal pursuant to M.C.L. 450.2051(1), which prohibits foreign corporations transacting business in Michigan without a certificate of authority to maintain an action in a Michigan court until the corporation has obtained a certificate of authority. *See Fifth Third Bank v. Canvasser*, No. 296731, 2011 WL 2347707, at *2 (Mich. Ct. App. June 14, 2011) ("Pursuant to M.C.L.

450.2051(1), '[a] foreign corporation transacting business in this state without a certificate of authority shall not maintain an action or proceeding in any court of this state until the corporation has obtained a certificate of authority.'").

Plaintiff is a corporation organized under the laws of China. (ECF No. 5, PageID.47; ECF No. 7, PageID.55.) Defendant and Plaintiff agree that when Plaintiff commenced this action, it did not have a certificate of authority. (ECF No. 5, PageID.46; ECF No. 7, PageID.57.) Defendant alleges (1) that M.C.L. 450.2051 applies to Plaintiff because it transacts business in Michigan as a foreign corporation under the meaning of M.C.L. 450.2051(1); and that (2) under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), the Court must apply the laws of Michigan as the forum state and interpret the Court to be effectively "a court of this state" as contemplated under M.C.L. 450.2051, such that Plaintiff's action should be dismissed.

However, Plaintiff has since obtained the certificate of authority and attached it to its response to Defendant's motion to dismiss. (ECF No. 7-5, PageID.77.) Under M.C.L. 450.2051(1), "[a]n action commenced by a foreign corporation having no certificate of authority shall not be

2

dismissed if a certificate of authority has been obtained before the order of dismissal." Accordingly, under the plain language of M.C.L. 450.2051(1), Plaintiff's complaint is not subject to dismissal under M.C.L. 450.2051(1) because Plaintiff has obtained a certificate of authority before an order of dismissal was rendered. Because the issue is moot, the Court need not decide whether M.C.L. 450.2051(1) governs federal courts sitting in diversity jurisdiction.

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss AS MOOT.

IT IS SO ORDERED.

Dated: September 2, 2021　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 2, 2021.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager

3